IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PAMELA THOMPSON, ESQUIRE ,** :  **CIVIL NO. 1:CV-04-0317**
:
**Plaintiff** :
:
v. :
:
**ASSOCIATION OF** :
**PENNSYLVANIA STATE** :
**COLLEGE AND UNIVERSITY** :
**FACULTIES,** :
:
**Defendant** :

## MEMORANDUM AND ORDER

Before the court is an application for allowance of attorneys' fees filed by Defendant Association of Pennsylvania State College and University Faculties, the prevailing party in the captioned action. Also pending before the court is an application for taxation of costs. The application for counsel fees is in the amount of $58,673.00. The request for costs is in the amount of $3,756.74.

On November 10, 2005, counsel for Plaintiff filed a petition for leave to withdraw as counsel for Plaintiff. On November 14, 2005, permission to withdraw as counsel was granted. Since the response to the application for attorneys' fees and the application for taxation of costs was due on or around the date counsel was permitted to withdraw, the response time was extended to November 22, 2005.

The order permitting the withdrawal of counsel and extending the time for Plaintiff to respond to the pending petitions was sent to Plaintiff by regular and certified mail.  The regular mail was not returned; the certified mail was returned as unclaimed.  To date, no response to the fee application or petition for taxation of costs has been filed.

In *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005), the Third Circuit Court of Appeals held:

> A prevailing party is not automatically entitled to compensation for all the time its attorneys spend working on a case; rather a court awarding fees must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise necessary."

*Id.* at 711 (citing *Public Interest Research Group v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)).  However, a court may not reduce an award *sua sponte*; it can only do so in response to specific objections of the opposing party.  *Id.* at 711 (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719 (3d Cir. 1989).

There has been no notification by Plaintiff that she is seeking new counsel; no request for an extension of time to respond to the pending applications, and lastly, no *pro se* response.  Thus, the court has no alternative but to grant the application for fees.  The request for taxation of costs are all allowable under 28 U.S.C. §§ 1920 and 1821.

**IT IS THEREFORE ORDERED THAT**:

1) The application of Defendant for allowance of attorneys' fees is **GRANTED** in the amount of $58,673.00.

2) Taxation of costs is **GRANTED** in the amount of $3,756.74.

       3) The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff in the sum of $58,673 for attorneys' fees and $3,756.74 for costs.

                                                    s/Sylvia H. Rambo  
                                                    SYLVIA H. RAMBO  
                                                    United States District Judge

Dated:  December 7, 2005.